UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TONY L. SIMS,  　　　　　　　　　　　　　　　　　　No. C 09-2251 MHP (pr)

　　　　　Petitioner,　　　　　　　　　　　　　　　　**ORDER OF DISMISSAL**

　　v.

BEN CURRY, warden,

　　　　　Respondent.
　　　　　　　　　　　　　　　　　　　　　　/

## INTRODUCTION

Tony L. Sims, a pro se prisoner, has filed a petition for writ of habeas corpus challenging a 2006 parole denial. Now before the court for consideration is respondent's motion to dismiss the petition as untimely. For the reasons discussed below, the court finds the petition to be barred by the statute of limitations and dismisses it.

## BACKGROUND

Sims was convicted in Los Angeles County Superior Court of first degree murder and robbery with use of a firearm. He was sentenced to 25 years to life in prison in 1981. His habeas petition does not challenge his conviction but instead challenges a November 27, 2006 decision of the Board of Parole Hearings ("BPH"), that found him not suitable for parole. The BPH's decision became final on March 27, 2007. Petition, Exs. at 11/27/06 RT 96.

Sims filed several state petitions for collateral review before filing his federal petition for writ of habeas corpus. Sims filed a petition in the Los Angeles County Superior Court on August 12, 2007. That petition was denied on December 11, 2007.

1   Sims filed a petition in the California Court of Appeal on April 6, 2008. That petition
2 was denied on April 17, 2008.
3   Sims filed a petition in the in the California Supreme Court on July 13, 2008. That
4 petition was denied on February 11, 2009.
5   Sims filed his federal petition for writ of habeas corpus on May 11, 2009.
6   Due to Sims' status as a prisoner proceeding pro se, he receives the benefit of the
7 prisoner mailbox rule, which deems most documents filed when they are given to prison
8 officials to mail to the court rather than the day the document reaches the courthouse.
9 See Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003). For purposes of the present
10 motion, each of his petitions is deemed filed on the day he signed it, on the assumption that
11 he gave each one to prison officials to mail on the day he signed it.

## DISCUSSION

13   A petition for writ of habeas corpus filed by a state prisoner must comply with the
14 statute of limitations in 28 U.S.C. § 2244(d). Section 2244's one-year limitation period
15 applies to all habeas petitions filed by persons in "custody pursuant to the judgment of a
16 State court," even if the petition challenges an administrative decision rather than a state
17 court judgment. Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004) (quoting 28 U.S.C.
18 § 2244(d)(1)). Although the statute of limitations period has four possible starting dates,
19 § 2244(d)(1)(D) usually applies to prisoners challenging administrative decisions such as
20 parole denials, i.e., the limitation period starts on the "date on which the factual predicate of
21 the claim or claims presented could have been discovered through the exercise of due
22 diligence." The one-year limitations period begins on the date the administrative decision
23 becomes final. See Shelby, 391 F.3d at 1066 (limitation period began the day after prisoner
24 received timely notice of the denial of his administrative appeal challenging disciplinary
25 decision); Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003) (limitations period began
26 when BPT denied prisoner's administrative appeal challenging the BPT's decision that he was
27 unsuitable for parole). The "factual predicate" of the habeas claims is the finality of the

2

adverse administrative decision, and not the denial of the state habeas petition. See id. at 1082.

The BPH's decision denying parole for Sims became final on March 27, 2007. The one-year limitations period started the next day. The presumptive deadline for Sims to file his federal habeas petition therefore was March 27, 2008.

Sims argues that the one-year limitations period did not commence until the conclusion of the 30-day period within which the Governor could review the BPH's decision. See Cal. Const. art. I, § 8(b) ("[n]o decision of the parole authority of this state with respect to the granting, denial, revocation, or suspension of parole of a person sentenced to an indeterminate term upon conviction of murder shall become effective for a period of 30 days, during which the Governor may review the decision subject to procedures provided by statute." In Redd, the Ninth Circuit determined that the factual predicate for a challenge to a parole decision was the date the administrative review concluded. Redd, 343 F.3d at 1082. The Governor's review is independent from the BPH's administrative review and therefore does not affect the date of finality of the BPH's administrative review period. The reasoning in Redd leads to the conclusion that the limitations period commences when the BPH's administrative review is complete and the possibility of gubernatorial review during the 30-day period thereafter does not delay the start of the limitations period under § 2244(d)(1)(D).

The one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). This tolling provision applies to a prisoner challenging an administrative decision via state habeas petitions. See Redd, 343 F.3d at 1084. Tolling is available for the intervening period between state habeas petitions but only when the petitioner files the later state habeas petition "within what California would consider a 'reasonable time.'" Evans v. Chavis, 546 U.S. 189, 198 (2006); see Carey v. Saffold, 536 U.S. 214, 219-20 (2002).

Sims receives some statutory tolling for the pendency of his state court challenges, but

not enough to make his federal petition timely.  First, the limitations period was tolled from August 12, 2007 through December 11, 2007 during the pendency of his petition in the Los Angeles County Superior Court.  By the time he filed the petition in Los Angeles County Superior Court, 137 days of the one-year limitations period had already passed.  Second, the limitations period was tolled from April 6, 2008 through April 17, 2008 during the pendency of his petition in the California Court of Appeal.  He does not, however, receive tolling for the 117 days between the denial of the superior court petition and the filing of the appellate court petition because the latter petition was not filed within a reasonable time.  See Chaffer v. Prosper, 592 F.3d 1046, 1048 n.1 (9th Cir. 2010) (per curiam) (unexplained, and hence unjustified, delays of 115 and 101 days between California habeas petitions were not reasonable and therefore did not result in tolling of the limitations period).  Third, the limitations period was tolled from July 13, 2008 through February 11, 2009 during the pendency of his petition in the California Supreme Court.  He does not, however, receive tolling for the 87 days between the denial of the appellate court petition and the filing of the supreme court petition because the latter petition was not filed within a reasonable time.  See id.; see also Evans v. Chavis, 546 U.S. at 201 ("[s]ix months is far longer than the short periods of time, 30 to 60 days, that most States provide for filing an appeal to the state supreme court.  It is far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court.  We have found no authority suggesting, nor found any convincing reasons to believe, that California would consider an unjustified or unexplained 6-month delay reasonable.")  As a result of these tolling events, when Sims' petition was denied by the California Supreme Court on February 11, 2009, 341 days of the one-year limitations period had passed and only 24 days remained.

     Sims suggests that the 3-4 month delays between his filings in the California courts was not unreasonable.  Evans and Chaffer undermine the notion that 3-4 months is a reasonable time in general.  And in Sims' particular case, the delay does not appear any more reasonable: he made only minimal changes to his petition between the levels of review in

4

1  state court. The 2 pages of argument about the superior court's decision that he added to the
2  petitions filed in the state appellate and supreme courts come nowhere near to explaining his
3  lengthy delays. Compare Resp. Ex. A at 26-28 with Resp. Ex. D at 26-29 and Resp. Ex. F at
4  26-29.

5  Sims did not file his federal petition until May 11, 2009, 89 days after his last state
6  court petition was denied. He therefore missed the deadline by more than two months.
7  Unless he is entitled to enough equitable tolling to bridge that gap, his federal petition is
8  untimely.

9  The § 2244(d) limitations period can be equitably tolled for a petitioner who shows
10  (1) that he pursued his rights with reasonable diligence and (2) that some extraordinary
11  circumstance stood in his way and prevented timely filing. See Holland v. Florida, No. 09-
12  5327, slip op. 12, 16-21 (U.S. June 14, 2010). The court finds Sims' several arguments in
13  favor of equitable tolling to be unpersuasive. He contends that law library access at his
14  prison was restricted. "[O]rdinary prison limitations on . . . access to the law library and
15  copier" do not amount to extraordinary circumstances or make it impossible to file on time.
16  Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009); see, e.g., Chaffer v. Prosper, 592 F.3d
17  1046, 1049 (9th Cir. 2010) (per curiam) (prisoner's pro se status, law library missing a
18  "handful" of reporter volumes, and reliance on inmate helpers who were transferred or too
19  busy to attend to his petitions are not extraordinary circumstances "given the vicissitudes of
20  prison life"). The restrictions on law library access do not appear to have been anything
21  more than the routine circumstances that face most habeas petitioners, almost all of whom
22  are in prison with limited law library access and proceeding without the assistance of
23  counsel. He also contends that the law library collection was 3-6 months less than current
24  and that two important parole habeas cases had not been decided. These are not
25  extraordinary circumstances that stood in the way of a timely filing. Sims has not shown that
26  his claim depended on either of the new cases, so the fact that they had not issued did not in
27  any way prevent him from filing. He also fails to show how an allegedly out-of-date
28

1 collection would have any bearing on his ability to timely file his petition. Sims has not
2 shown that he faced anything more than the routine difficulties that confront most prisoner-
3 petitioners. Considering Sims' excuses singly or in combination does not lead one to
4 conclude that he was pursuing his rights diligently and that some extraordinary circumstance
5 stood in the way of timely filing of the federal petition.

6      The federal petition was not filed until more than two months after the statute of
7 limitations deadline had passed. The petition is barred by the habeas statute of limitations.

## CONCLUSION

9      Respondent's motion to dismiss is GRANTED. (Docket # 3.) The petition for writ of
10 habeas corpus is dismissed because it was not filed before the expiration of the limitations
11 period in 28 U.S.C. § 2244(d)(1). The clerk will close the file.

12      IT IS SO ORDERED.

13 DATED: July 22, 2010

                                            Marilyn Hall Patel
14                                             United States District Judge